**Andrew L. GREEN II, Plaintiff,**

v.

**PROCTOR & GAMBLE, INC., Lever Brothers Co., Inc., Benton & Bowles, Inc., and Colgate–Palmolive Co., Defendants.**

**No. 85 Civ. 8696 (JFK).**

United States District Court, S.D. New York.

March 17, 1989.

Andrew L. Green II, Detroit, Mich., pro se.

Satterlee Stephens Burke & Burke, (Robert M. Callagy, William A. Simon, of counsel), New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge.

Plaintiff Andrew L. Green II ("Green"), brings this action under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, alleging infringement of his continuity script and synopsis for an animated commercial cartoon designed to advertise toothpaste. Defendants Proctor & Gamble Inc. ("P & G"), Benton & Bowles, Inc. ("B & B"), Lever Brothers Company ("Lever") and newly-added defendant Colgate–Palmolive Co. ("Colgate") move this Court for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the action for failure to state a claim upon which relief can be granted. Because materials outside the pleadings have been presented, the Court treats the motion as one for summary judgment under Rule 56 and since no genuine issue of material fact exists, summary judgment is granted to the defendants.

## BACKGROUND

At some time prior to February, 1975 plaintiff Green created and wrote a detailed shot-by-shot continuity script for a toothpaste commercial entitled "Mr. Cavitie(s)." The plaintiff's script portrays the life and death of two male characters who are professional cavity makers. Mr. Black Cavity, an elderly black man with distinguished gray hair and well-rotted teeth, methodically drills a tooth as he warns his companion of the ensuing "great cleansing." Mr. White Cavity, a handsome young man with only a few rotted teeth seems to be more interested in an afternoon nap than his elder counterpart's words of warning. Complaint at 3 & 63–71.

The setting is, of course, the inside of a human mouth where the teeth are portrayed as the rolling hills. The two cavity makers are neatly attired in workman's overalls with their sharp instruments hanging from their belts. In a landscape yellowed by plaque, Mr. Black Cavity warns of a "great cleansing," the coming apolcalypse, and convinces the viewer that these are intelligent and independent beings concerned with the hereafter. When the two are finally chased off by a huge wave of "Crest" toothpaste, the question of their fate is answered by the shining whiteness of the surrounding hills. Complaint at 63–71.

Since February 10, 1975, the date plaintiff received a certificate of registration from the Writers Guild of America, Inc., all copies of his script have been made available only within the strict conformity of the provisions of the United States Copyright Act. Complaint at ¶ 27. Green, who is the sole proprietor of the all right, title and interest in and to the common law copyright of "Mr. Cavitie(s)," obtained a Certificate of Copyright Registration on August 14, 1984. *See* Exhibit 5 to the Response of Andrew Green.

Plaintiff submitted the continuity script to P & G and Lever, both major toothpaste producers, in March, 1975. There is no allegation that plaintiff ever submitted his script to defendant Colgate. Within six weeks both companies rejected Green's work. Plaintiff alleges, however, that each defendant company knowingly infringed his copyrighted script.

### 1. *The P & G and B & B Commercials*

The allegedly infringing television commercial aired by P & G and B & B, a subsidiary of P & G, is a cartoon featuring the "Crest Cavity Fighting Team" ("Crest Team"). As the commercial begins, "Toothopolis," a city protected by a wall of teeth, is under attack. The evil "Cavity

Creeps" have scaled the wall and are about to begin drilling a hole when the Crest Team rushes to the scene with their oversize toothbrushes loaded with "Crest." Affidavit of Robert M. Callagy of January 15, 1986 at ¶¶ 7–10 ("Callagy Aff.").

The "Cavity Creeps" are loathsome monsters who barely resemble humans in either appearance or sound. They seem to be crudely carved from stone, speak ungrammatically and only about their most basic concerns, and demonstrate no potential for understanding the concept of an apolcalypse. These tooth-destroying characters are easily chased off the walls of "Toothopolis" by the Crest Team. Callagy Aff. at ¶¶ 7–10.

### 2. The Lever Commercial

The allegedly infringing television commercial aired by Lever, the producer of "Aim" toothpaste, features a character named "Hurtful J. Cavity." Although he has eyes, arms, legs and a mouth, "Hurtful" does not resemble either a human being or a primate. He looks more like a blob of material suggestive of a microorganism. "Hurtful" exists to make cavities but does not live inside the mouth. Instead, he stands upon the bathroom countertop, sharp instruments in hand, talking to the child who would be his victim. "Hurtful," the somewhat playful and toothless monster, is chased away by the mere appearance of an oversized tube of "Aim" toothpaste. Affidavit of Robert M. Callagy of January 22, 1986 at ¶¶ 7–10 and Exhibits B and C.

### 3. The Colgate Commercial

The allegedly infringing commercial of Colgate is entitled "The Wall." The commercial involves two to four highly skilled "professional cavity makers" who injure teeth by attacking them with sharp tools. The figures are human and are not animated cartoon characters. Like the other two commercials, these "cavity makers" are eventually thwarted by a Colgate toothbrush and a wave of Colgate toothpaste.

### 4. Plaintiff's Claims

Green alleges, in part, that the commercials aired by the defendants amount to an unlawful infringement of his copyrighted script. The defendants now move this Court for an order pursuant to Rule 12(b) to dismiss the action for 1) failure to state a claim, 2) improper service, 3) lack of personal jurisdiction, and 4) improper venue. For the following reasons, this Court's analysis need not proceed beyond the 12(b)(6) motion to dismiss.

### DISCUSSION

A motion pursuant to Rule 12(b)(6) merely challenges the pleader's failure to state a claim properly and does not address the merits of the case. S. Wright & Miller, *Federal Practice and Procedure:* § 1366 at 676. Rule 12(b) also provides that when materials outside the pleadings are presented to the Court the motion shall be treated as one for summary judgment pursuant to Rule 56. It is inconsequential that the additional materials are filed in the first instance by the moving party. *Cook v. Hirschberg,* 258 F.2d 56, 58 (2d Cir.1958). Since defendants have submitted affidavits comparing the plaintiff's and defendants' scripts, this Court deems it proper to treat the motion as one for summary judgment.

Federal Rule of Civil Procedure 56(c) provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of evidence which would support the nonmoving party's claim, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1984), and all inferences should be drawn in favor of the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Normally the Court would afford the parties additional time to complete discovery before treating a motion to dismiss

as one for summary judgment. In this instance, however, nothing that could be found by the plaintiff in discovery would change this Court's findings with regard to the extrinsic dissimilarities between plaintiff's script and defendants' commercials. Because the discovery process would be so wholly worthless to the outcome of this case, it would amount to an undue burden on defendants and, therefore, is properly denied to the plaintiff. Fed.R.Civ.P. 26(c)(1).

Defendants admit for the sake of argument, and the Court will assume for the purpose of this motion, that defendants have accepted the validity of the copyright on plaintiff's script and plaintiff has, therefore, established the first element of copyright infringement. The second element, the defendant's access to the copyrighted work is established as to all defendants except Colgate, since the remaining defendants acknowledge that plaintiff's script was mailed to them in February, 1975. *See Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir.1977). There is no statement by either plaintiff or Colgate that plaintiff submitted his script to Colgate, therefore plaintiff has failed to establish access with regard to defendant Colgate.

Even if plaintiff had established access regarding all defendants, plaintiff has failed to establish the third element with regard to any of the defendants. That third element dictates that the plaintiff must establish that his script and the defendants' commercials are substantially similar so as to constitute an infringement. *See Warner Bros. v. American Broadcasting Companies*, 720 F.2d 231, 239 (2d Cir. 1983); *Sid & Marty Krofft*, 562 F.2d at 1162.

The similarity this Court will assess concerns the expression of ideas rather than the ideas themselves. *See Warner*, 720 F.2d at 239; *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90–91 (2d Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976). It is an axiom of copyright law that only the expression of an idea is copyrightable and not the idea itself. *See Mazer v. Stein*, 347 U.S. 201, 217–18, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). In *Fuld v. National Broadcasting Co., Inc.*, 390 F.Supp. 877, 881 (S.D.N.Y. 1975), Judge Knapp of this Court held that "a copyright does not protect its owner from the use by others of the ideas, themes, locale or characters in his copyrighted work." Thus, since only the expression of Green's idea is protected rather than the idea itself, he faces the burden of establishing a substantial similarity in the expressions of his script and defendants' commercials. This Court finds plaintiff's efforts to do so unconvincing.

As to the Colgate commercial, that commercial portrays real human actors as the cavity makers while Green's script calls for animated cartoon characters. *See* Plaintiff's Amended Complaint at ¶ 22. Thus, the Court can find no substantial similarity between plaintiff's script and Colgate's commercial.

As to the remaining defendants' commercials, the only elements that Green's script have in common with the those commercials is the idea of microscopic, humanoid organisms who attack human teeth with sharp instruments and are vanquished by toothpaste. In these days when commercial cartoon personification is so common, the idea of characterizing oral bacteria as humanoid "cavity makers" is hardly protectible. Moreover, the expressions are so different that it cannot be said that defendants' commercials infringe upon Green's script. While Green's characters are highly skilled "professional cavity makers," defendants' tooth-destroying characters are loathsome monsters who, unlike Green's characters, barely resemble humans. The plaintiff's cavity makers are intelligent, independent humans who are concerned with the hereafter. Defendants' characters exhibit no similar signs of intelligence. In the commercial by defendants P & G and B & B the main character is the Crest Cavity Fighting Team; a major difference in the central emphasis of the plots. Green's script is set inside the mouth with teeth portrayed as rolling hills while in one defendant's commercial the teeth are the

walls of a city, and the other is not even set inside the mouth. In the plaintiff's script the cavity makers are washed away by a seemingly natural wave of toothpaste. In the commercials aired by these two defendants, the presence of cavity fighting characters washes away the personified bacteria. Thus, although the idea underlying the commercials resembles the plaintiff's script, there are simply no common characteristics in the expression of that idea and plaintiff is therefore unable to establish substantial similarity.

Summary judgment should be granted in a copyright infringement action if the Court finds, as it does here, that no reasonable jury could find the commercials and script substantially similar. *See Warner,* 720 F.2d at 239; *Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905 (2d Cir.1980); *Smith v. Weinstein,* 578 F.Supp. 1297 (S.D. N.Y.), *aff'd mem.,* 738 F.2d 419 (2d Cir. 1984). All findings with regard to the viability of the copyright and defendants' accessability to the script are of no avail to Green if the works are not substantially similar in expression.

Plaintiff has also moved after the submission of this motion for the Court to appoint him counsel. Plaintiff argues that the Court should do so because the case is complex and because it is in the interest of justice. The Court notes that the question of substantial similarity of the plaintiff's script and defendants' commercials is not so complex a legal issue that plaintiff would need counsel to effectively argue his position. Green has also failed to make any representations to the Court regarding what efforts he has made to obtain counsel through other means. For these reasons, plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for appointment of counsel is denied. The defendants' motions for summary judgment are granted and their motions for attorneys' fees and disbursements are denied. Plaintiff's motion to amend his complaint if this Court should grant defendants' motions is denied.

The complaint in this action is hereby dismissed and the action is to be removed from the active docket of this Court.

SO ORDERED.